Mr. Chief Judge, if it pleases the Court, my name is Blake Hendricks. I represent the appellant Nathan Koen. Nathan Koen is a former DEA agent who pleaded guilty to one count of bribery for accepting bribes from one of his confidential informants. At sentencing on the bribery charge, the bribery conviction, the District Court applied the bribery cross-reference 2C1.1C1. Using the cross-reference, the District Court therefore applied the drug guideline finding that Mr. Koen's bribery had the purpose of facilitating the commission of this confidential informant's drug trafficking. The bribery guideline cross-reference is central to this case and it reads, if the offense was committed for the purpose of facilitating the commission of another offense, apply the other offense guideline. The parties in this case dispute the meaning of this cross-reference. The issues, I believe, for the Court to decide this morning are how is the cross-reference to be interpreted? Second, did the government prove sufficient facts by preponderance of the evidence to warrant application of the cross-reference? The facts of this are fairly straightforward. Koen, as said, was a DEA agent. In 2012, he was assigned to the Jacksonville, Florida, field office. There, he led and was the lead agent on an investigation that resulted in the arrest of a man named Francisco Benitez, his brother, other family members that were involved in that drug trafficking association. Benitez and his brother then became informants for confidential informants for Koen and worked for him in that capacity in Florida. In 2016, Koen was transferred to the Little Rock field office as the group supervisor. In Little Rock, Benitez continued to be an informant for Koen in activities in Arkansas. But independent of Benitez's cooperation, he had his own side drug dealing business. He had moved to California. He was shipping drugs to his brother in Florida. Counsel, is there any dispute that at least Benitez was under the impression from communications with Koen that Koen was providing cover for his side business? Absolutely, Your Honor. In 2018, Benitez is arrested in California and is interviewed by the FBI. At that point, he says, I've been working with this agent, a DEA agent named Koen. I have been bribing him in exchange for what Benitez called top cover protection. To Benitez, in Benitez's mind, top cover protection meant he would supply names and phone numbers of potential sources of supply and customers to Koen. Koen, Benitez believed, ran those names and numbers through DEA databases and, therefore, Benitez believed he was being provided sensitive inside DEA information. We know in reality And Koen was accepting payment for that? In all $31,500 over the course of 2016 and 2017. And that's, Your Honor, where I believe the stories diverge. I believe the undisputed evidence is this, that while Benitez believed Koen was providing him, quote, top cover protection, a search of Koen's computers after his arrest revealed that Koen never accessed the DEA databases as Benitez believed. There was a protocol to go through to access DEA databases for its sensitive information. You have to be at the office. It has to be on the office computer. There's a log in. There's an IP address. It basically gives your fingerprint every time an agent accesses a DEA database. So the help was ineffective. That still doesn't mean that the bribe wasn't paid for the purpose of facilitating a drug trafficking crime. And there's where I believe we have a disagreement, is the bribes were accepted. Koen's position, and he stated it, there was a sting operation in December 2018 in Las Vegas where Koen is caught accepting a $9,000 bribe from Benitez. Koen is immediately interviewed afterwards, post-Miranda, and says, I was not involved in his independent drug trafficking. This was a ruse. When I moved to Arkansas in 2016, I became immediately financially overextended. The purpose of accepting the bribes, Koen  Why do those have to be mutually exclusive, that he would, in his mind, not intend to do what he had promised to do? The other person's expectation being that he was doing it and there is some evidence that perhaps there was some service provided, some cover provided. Isn't the records not void, completely void in that area? Why do those have to be mutually exclusive? Because Judge Smith, our position is that the proper interpretation of the cross-reference is it is the state of mind of the defendant that is at issue and the state of mind of the defendant that has to be proved. The state of the mind of the briber, and the pain Wouldn't that come down to the trier of fact determining whether to believe Koen's testimony that he had no intent to facilitate drug trafficking? So no, I don't believe so, Your Honor, and here's why. Credibility became an issue at sentencing. Were you going to believe Koen? Were you going to believe Benitez? On appeal, we have discarded those credibility disputes. Just looking at the cold, hard record and analyzing that record for facts, this is not a sufficiency of the argument case, I understand, but it's analogous to it. Looking at the cold, hard record, is there evidence to support, by a preponderance of the evidence, that the government proved, and again, central, Koen's state of mind? I think that you're misreading the provision, and I'll tell you why. Because when you have a specific intent, this is just sort of black letter criminal law, you use the word with. And the reason why you use the word with is because you have to commit an act with the intent. And if you will notice in this provision, it says, for the purpose of, which is an entirely different thing. That gets at the act itself. In other words, the purpose is connected to the act. Was the bribe for the purpose of facilitating the crime, which is what the with the purpose? And so, Your Honor, a response is, that's the dispute that I'm having with the government. Again, going to the interpretation of this, it is fundamental criminal law that in all prosecutions, and that would apply to Federal sentencing, just under a different standard, that the government must prove, either by preponderance of the evidence in sentencing or beyond a reasonable doubt, the mens rea element. And so my contention is, is that this cross-reference has that mens rea element. But that's not what it says. I mean, I understand that you're saying it, but that's not, it says with the purpose, which describes the bribe. And when you're talking about a sentencing provision, you're not talking about an element of the offense. You're talking about the sentencing guidelines. I could give you a litany of sentencing guidelines that have no intent requirement, no purpose requirement at all. And so, agreed, but when you're referring, I believe, to the Solomon case, when you look at Solomon and Carr, and our body of law here is fairly limited in Third Circuit and generally Fifth Circuit, but what the courts are holding is, using the specific word, with the purpose to facilitate. What, I believe it was Solomon, what was the defendant's intent? The Third Circuit asked this question, what was the reason the defendant was accepting the bribes? So to me, that necessarily goes to, what was the state of mind of, in this case, Cone? Other cases Counsel, you're well within your rebuttal. You can continue if you like, or choose to  I'll reserve. Thank you, Your Honor. Ms. Moore. Thank you, Your Honor. May it please the Court, I'm Benicia Moore. I represent the United In this case, the district court properly applied the cross-reference in 2C1.1 based on the facts of this case, the testimony at sentencing, the undisputed facts in the pre-sentence report, and his assessment of the credibility of the witnesses that testified. And based on that, in looking at specifically deciding and making a finding of fact on what Mr. Cohen's intent was, decided that his intent and purpose of facilitating the commission of another criminal offense was to further the drug trafficking organization of Mr. Benitez. As a predicate matter, you heard my colloquy with opposing counsel. What is the proper interpretation? Is the proper interpretation that the district court had defined intent or his intent, the defendant's intent, or is it referring to something else? It's the government's argument that looking at the plain language of the cross-reference, we have to look at the purpose of the offense, that being the bribery. Was that to facilitate the commission of another criminal offense? In looking at that, one of the factors the court can consider is the defendant's intent in taking the bribe. Why was he getting paid? And there was an extensive colloquy during the sentencing hearing between the court and the defendant about, why are you taking this money if it's not to facilitate Mr. Benitez's criminal offense? I think you're right. I think it's why is he getting paid, actually, or why is the bribe being paid may be what the purpose, the reference to the purpose is. But that's different, I think, than what the defendant was thinking when he took the bribe. Does it matter, for instance, if he's sitting there going, gosh, I really want to help Benitez because he's a great guy and a great drug dealer and I want to see him succeed, or was he just thinking, I want to put money in my pocket? And as part of that, the purpose of that was to facilitate the drug trafficking crime. It sounds to me like you're thinking that maybe the latter is the better interpretation. Yes, Your Honor. Obviously, everyone takes a bribe. He wants to put money in his pocket. He's got personal things going on. But at the same time, he knows in taking this bribe, he's doing that in exchange for something. And here, he's doing that in exchange for providing protection to Mr. Benitez. And there were ample facts in the record. What evidence in the record supports that he actually provided protection? Well, in the record, he says Mr. Benitez testified that he had, at one point, several packages being intercepted by the Postal Service. His brother, Mr. Gonzalez, testified that they were told there were pictures of his fiancee taken in the post office. Mr. Cohen told them, stop using the mail. They're looking at you. Use another method. They moved to using car haulers. There's another exchange in the testimony, in the pre-sentence report, involving an actual target of DEA Little Rock named Nick Robinson. Mr. Benitez texted Mr. Cohen and asked, hey, I'm at this guy. Can I sell to him? There's an exchange where Mr. Cohen says, he's already been got, but if you're careful, you can get another one to him. He sent a picture of Nick Robinson to Mr. Benitez to make sure they were talking about the same person because Mr. Benitez knew him as Chris. Then, in fact, Mr. Benitez came to Little Rock and picked up $100,000 from Mr. Robinson, gave it to Mr. Cohen to hold overnight so he wouldn't get robbed, came back, got it the next morning, and paid Mr. Cohen $5,000 for doing that. When in the controlled bribe that you had in November of 2018 in the exchange, when he's asking, I want to sell to this guy. Is he clean? Can you run the number? Mr. Cohen responds, I can't find anything. Nothing's guaranteed. When they meet in Las Vegas for the exchange, when he paid him the $9,000, he told him he needed to change his phone numbers and his address, that there may be a search warrant executed at his home sometime in the future. There was a lot of testimony about the relationship between Mr. Cohen and Mr. Benitez. I think he was absolutely providing protection. What about opposing counsel's point that he never accessed any databases or anything like that? First of all, is that true? Second of all, what's the implication of it? They couldn't find, of course, these numbers and names if we could remember them and had them. They couldn't find where he did that, but I think that the testimony was the Little Rock District Office of the DEA is not very big. Mr. Cohen was a group supervisor. For instance, in the Nick Robinson situation, he didn't have to access the DEA database to know Nick Robinson was the target. He sent him a picture. I don't know if that picture came from a database or another agent in the office, but there are certainly other ways for him to have access to this information to provide to Mr. Benitez. That was a discussion with Mr. Cohen during his testimony, that he could just go ask other agents in his office or as a group supervisor, knowing what everyone else in his office is doing, he had access to sensitive information that he could provide to Mr. Benitez, at least on targets in Arkansas. I just would note that the district court, I think, applied the standard that Mr. Hendricks is asking you to apply. He made a ruling on Mr. Cohen's specific intent in accepting these bribes and said, basically, that he would have to throw away all common sense to believe Mr. Cohen's story, that an illegal Mexican drug dealer would give him $31,000 and sneak around giving it to him, but that he didn't know what he was doing or why he was getting it. He just couldn't believe that. Well, it seems Mr. Cohen's argument is not that he didn't know what he was doing, but that he didn't have the intent in accepting the money to actually facilitate drug trafficking, that he was basically ripping off the crook. Right. The district court rejected that argument and said that when he took the action, the action, he needed him out there on the street, needed him doing this because he was taking the money. I think that that's borne out by the record. He's in dire straits. He needs the money. Mr. Benitez does not have any other job. He needs him selling drugs so he can continue to pay him. That's why he's providing the protection that's at issue here. Based on those facts, a lot of them are undisputed and were admitted by Mr. Cohen. The specific findings, fact findings made by the district court that were not clearly erroneous, Your Honors, I would ask that you affirm the decision of the district court. Unless there are any other questions. I don't see any. Thank you. Thank you, Ms. Moore. Regarding the district court's ruling, this is the way I read the ruling. It seemed as if the judge was saying, if there's proof that Cohen knew that Benitez had this side drug trafficking business, therefore I'm going to apply the guideline. I think that that is factually clearly erroneous and legally incorrect. Counsel, does it matter? Didn't Benitez testify that he was working in an auto body shop and he would not have gotten back into the business if it were not for your client? Does that cross the line into, in other words, Cohen at the very beginning intended to jump start this operation? So in order for him to get paid, you know, he needed the operation to restart. Does that matter at all on the issue of intent? I don't believe that it does, Your Honor, because ultimately this is a factual inquiry and a burden of proof by the government. I can draw you in to doing something, but my goal is to draw you in because I want those bribes because I'm in debt. Therefore, my purpose and intent is not to facilitate your drug dealing. My purpose and intent is for you to pay me money because of my mortgage and so forth. So I see that as distinguishable. Go back to the quickly, I'm three seconds. On the whole Robinson issue, the record will, I believe, suggest to you that that is Benitez's dual role in that part with Robinson acting as informant. Benitez testified when it came to all the stuff on Robinson, holding $100,000, the text messages. I was an informant working for the DEA, working for other agents in the Benitez, go work with these other agents and cooperate against Robinson. I have exhausted my time. If there are no further questions, I appreciate the court's attention. Many thanks to both counsel for your participation and argument before the court this morning. We will continue to research the materials and render a decision in due course. Thank you, Your Honor. Counsel may be excused.